UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,           )
                              )
            Plaintiff,        )
                              )
      v.                      )   Cause No. 3:17-cv-121
                              )
STEPHEN TABLER,               )
                              )
            Defendant.        )

## OPINION AND ORDER

Michael Allen Huff, a *pro se* prisoner, filed a complaint, alleging Pulaski County Jail Commander Stephen Tabler used excessive force while escorting Huff through the jail on October 25, 2016. (DE 1 at 4.) I must review all prisoner complaints and dismiss any that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because Huff did not administratively exhaust his claim before filing suit, this case must be dismissed.

Prisoners are prohibited from bringing actions in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is not optional, but instead a mandatory prerequisite to filing suit over prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Although the failure to exhaust is an affirmative defense, dismissal at this stage is

appropriate if the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

Here, Huff admits that he did not exhaust his administrative remedies with respect to this claim before filing suit because "[a]ll grievances go to the Jail Commander, Stephen Tabler, who is going along with these activities, and doing them himself." (DE 1 at 4.) Huff does not allege, nor can it reasonably be inferred from the complaint, that jail staff made the grievance process unavailable to Huff, for example by failing to provide the necessary forms or otherwise hindering his efforts to file a grievance. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Instead, Huff simply decided not to file a grievance because he believed it would be futile, given that Tabler was the decision-maker.

While Huff's reasoning is understandable, "[a]n inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement." *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (citations omitted). Once Huff has administratively exhausted this claim, he can refile this action.

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915A.

**SO ORDERED.**

ENTERED: May 30, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT